

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NV-18-1193-KuTaB |
| LINDA L. GARMONG, | Bk. No. 3:10-bk-52588-GWZ |
| Debtor. | |
| GREGORY O. GARMONG, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| LINDA L. GARMONG, | |
| Appellee. | |

Argued and Submitted on February 21, 2019
at Las Vegas, Nevada

Filed – March 5, 2019

Appeal from the United States Bankruptcy Court
for the District of Nevada

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Gregg W. Zive, Bankruptcy Judge, Presiding

Appearances:     Carl M. Hebert argued for appellant Gregory O.
                 Garmong; Appellee Linda L. Garmong pro se on brief.

Before:  KURTZ, TAYLOR, and BRAND, Bankruptcy Judges.

Creditor Gregory O. Garmong appeals from the bankruptcy court's order denying his motion to alter or amend the order of discharge (Motion to Alter/Amend) entered in Linda L. Garmong's (Debtor) bankruptcy case. We AFFIRM.

## FACTS

Debtor is the former wife of Dr. Garmong. She filed a chapter 7[1] petition in June 2010 and scheduled Dr. Garmong as an unsecured creditor owed divorce-related expenses in an amount unknown.

In November 2010, Dr. Garmong filed an adversary complaint against Debtor, alleging claims under §§ 523(a)(2)(A); (a)(4); (a)(6); (a)(15) and 727(a)(2)(B); (a)(4)(A); and (a)(4)(B).

In September 2015, the chapter 7 trustee filed a report of no distribution and was discharged.

There was no activity in Dr. Garmong's adversary proceeding from

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

January 2015 to September 2017. Accordingly, the bankruptcy court issued an Order to Show Cause For Dismissal of Adversary Proceeding for Lack of Prosecution (OSC).[2] In late October 2017, Debtor's counsel filed a motion to dismiss the adversary proceeding. The OSC and Debtor's motion were scheduled for a hearing in December 2017.

On January 30, 2018, the bankruptcy court entered an order dismissing the adversary complaint filed by Dr. Garmong for lack of prosecution, without prejudice (Dismissal Order). Dr. Garmong did not seek reconsideration of the Dismissal Order under Rule 9023 or 9024 nor did he appeal it. In addition, neither party requested a stay of the Dismissal Order.

On January 31, 2018, the bankruptcy court entered an order discharging Debtor under § 727(a).

On February 14, 2018, Dr. Garmong filed the Motion to Alter/Amend. In the motion, he asked the bankruptcy court to alter or amend the order of discharge to deny the Debtor's discharge under Rule 9023 and Civil Rule 59(e). Dr. Garmong alleged several grounds for vacating Debtor's discharge including, among others, concealing assets, falsifying schedules, and misusing the bankruptcy process. He claimed that relief was required by

---

[2] The bankruptcy court's Local Bankruptcy Rule 7041, entitled "Dismissal For Lack Of Prosecution," authorizes dismissal if a proceeding has been pending for more than one year without any activity of record.

§§ 523(a)(15); 727(a)(2)(B); (a)(4)(A); and (a)(4)(B).

In June 2018, the bankruptcy court heard the matter. In a lengthy ruling, the court concluded that there was no legal basis for the Motion to Alter/Amend. The bankruptcy court explained that under § 727(a), the court was required to issue Debtor a discharge on January 30, 2018, because (i) she was an individual debtor; (ii) the adversary proceeding filed by Dr. Garmong objecting to her discharge had been dismissed; and (iii) she had not waived her discharge.

The court further found that it did not have the power to alter, amend, or deny an order of discharge under Rule 9023 and Civil Rule 59(e) as such a motion was procedurally improper under the circumstances. Under Rules 4004(d) and 7001(4), an objection to discharge by motion was only proper if the objection was based on §§ 727(a)(8), (a)(9), or 1328(f). Here, none of those statutes applied. According to the court, Dr. Garmong did not provide evidence supporting his objection to Debtor's discharge under §§ 727(a)(8) or (a)(9) as there was no evidence that Debtor received a prior discharge. The court also noted that under §§ 727(a)(2) - (a)(7), and Rules 4004(a) and 7001(4), an objection to discharge required an adversary proceeding. The court could not deny Debtor's discharge because Dr. Garmong's adversary complaint had been dismissed and, therefore, he did not comply with these rules.

The bankruptcy court also considered revocation of a discharge

4

under § 727(e) which provides that a creditor may request revocation of a discharge under § 727(d)(1) within one year after the discharge was granted if the discharge was obtained through the fraud of the debtor. The court found that Dr. Garmong had no legal basis to seek revocation of Debtor's discharge under § 727(d)(1) because he had knowledge of the alleged fraud when he filed the adversary proceeding in 2010 and the order of discharge was entered in January 2018, almost 8 years later.

Finally, the court found that the claims asserted by Dr. Garmong in his 2010 adversary complaint and the relief being sought were identical or substantially similar to the claims asserted and relief sought in his Motion to Alter/Amend. Therefore, his motion was an attempt to re-litigate the allegations that were dismissed in the adversary proceeding.

At the end of the hearing, the bankruptcy court said it could not ignore Rule 9011 and questioned Dr. Garmong's counsel as to the basis of the Motion to Alter/Amend because every statute, rule, and case cited said the opposite of what was argued. Dr. Garmong's counsel, Mr. Hebert, was "not willing to admit to sanctionable conduct," but admitted that he was directed to file the motion by Dr. Garmong and that he "should have said no." In the end, the court did not impose sanctions but orally denied the motion with prejudice.[3]

On July 5, 2018, the bankruptcy court entered written findings of fact

---

[3] The order does not reflect the with prejudice denial.

and conclusions of law and entered its order denying the Motion to Alter/Amend. Dr. Garmong filed a timely appeal from this order.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Dr. Garmong raises three issues on appeal:

Whether the bankruptcy court erred in granting Debtor a discharge;

Whether the bankruptcy court erred in denying his Motion to Alter/Amend; and

Whether a bankruptcy judge, by relying on procedural rules, may grant discharge when he has actual knowledge that discharge is in violation of the Bankruptcy Code.

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's conclusions of law and its interpretation of statutes and rules. *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 32 (9th Cir. BAP 2008).

We review the bankruptcy court's denial of a motion for reconsideration under Rule 9023 and denial of a motion to amend or alter judgment under Civil Rule 59(e) for abuse of discretion. *Dixon v. Wallowa Cty.*, 336 F.3d 1013, 1022 (9th Cir. 2003); *Ocwen Loan Serv., LLC v. Marino (In re Marino)*, 577 B.R. 772, 781 (9th Cir. BAP 2017).

A bankruptcy court abuses its discretion if it applied the wrong legal standard or its factual findings were illogical, implausible or without support in the record. *TrafficSchool.com v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

**DISCUSSION**

At the outset, we put this appeal in context. As noted above, the bankruptcy court dismissed Dr. Garmong's adversary proceeding and that order was never appealed. Although Dr. Garmong's brief discusses the correctness of the bankruptcy court's decision to dismiss the adversary proceeding and the merits of the claims alleged, we do not review any aspect of the Dismissal Order in this appeal. Put simply, this appeal is not a substitute for the appeal Dr. Garmong could have taken from the Dismissal Order.

Turning to the merits, the bankruptcy court copiously set out the facts and the law in its ruling, and we do not have much to add. There is no merit to Dr. Garmong's arguments.

**A.    The bankruptcy court properly entered Debtor's discharge.**

Section 727(a) and Rule 4004(c) place mandatory and quasi ministerial duties on the bankruptcy court to grant a discharge forthwith after the time to object has expired.

Under § 727(a) the bankruptcy court "shall" grant the debtor a discharge, unless one of the twelve disqualifying conditions set forth in the

statute applies. *See* § 727(a)(1)-(12). The record shows that there were no disqualifying conditions.

Debtor is an individual. § 727(a)(1). Sections 727(a)(2) - (a)(7), and Rules 4004(a) and 7001(4), provide that an objection to discharge based on conduct listed in those subsections requires an adversary proceeding. Dr. Garmong's adversary proceeding was dismissed. Accordingly, there was no judicial determination that conduct listed under those subsections was grounds to deny Debtor a discharge. There is no evidence in the record showing a prior discharge or that Debtor had waived the discharge. § 727(a)(8), (9), (10). The remaining subsections are inapplicable.

Nonetheless, Dr. Garmong argues that the bankruptcy court had an independent duty to sua sponte deny Debtor's discharge because it had knowledge of her fraud as evidenced by a sanctions order against her attorney. In support of the bankruptcy court's sua sponte authority to deny a discharge, Dr. Garmong relies on *Filice v. United States (In re Filice)*,580 B.R. 259 (Bankr. E.D. Cal. 2018). There, the bankruptcy court used Civil Rule 60(a) and § 105(a) to vacate a discharge based on § 727(a)(8), relating to the prior granting of a discharge under § 1141 "within 8 years before the date of the filing of the petition." In doing so, the court reasoned that it may sua sponte act to block or vacate a discharge that offends the Bankruptcy Code's ban on two chapter 7 discharges in cases filed within eight years, independent of whether there is a timely filed adversary proceeding.

*Filice* does not support a bankruptcy court's sua sponte act to block or vacate a discharge that falls within § 727(a)(2) through (7). Indeed, the *Filice* court noted that objections to discharge must be prosecuted under these subsections and that "inaction on such theories may lead to forfeiture of objections and to entry of discharge." *Id.* at 264. Moreover, although Dr. Garmong was successful on his sanctions motion against Debtor's attorney, the bankruptcy court analyzed the motion under Rule 9011 and made no findings on whether Debtor's conduct met any of the requirements under §§ 727(a)(2) through (7).

**B.    The bankruptcy court correctly denied the Motion to Alter/Amend.**

The bankruptcy court found that the claims and relief sought in Dr. Garmong's adversary proceeding were similar or substantially similar to the claims and relief requested in the Motion to Alter/Amend. We reviewed the adversary complaint and the Motion to Alter/Amend and find no error with the court's conclusion. In short, Dr. Garmong's Motion to Alter/Amend amounts to an improper attempt to revive his dismissed adversary proceeding.

In addition, relying on Rule 9023 and Civil Rule 59(e) to alter or amend Debtor's discharge was procedurally improper. As the bankruptcy court properly noted, a motion objecting to discharge is proper only if based on § 727(a)(8) or (a)(9). *See* Rule 4004(d) and 7001(4). There is no evidence in the record that § 727(a)(8) and (9) applied to Dr. Garmong's

motion. In addition, under §§ 727(a)(2) - (a)(7), and Rules 4004(a) and 7001(4), an objection to discharge requires an adversary proceeding. Dr. Garmong's adversary complaint had been dismissed. In short, Rule 9023 and Civil Rule 59(e) cannot be used to circumvent the Rules governing objections to discharge.

Dr. Garmong's motion also did not meet the requirements for revocation of a discharge under § 727(e). Revocation of a discharge requires an adversary proceeding. *See* Rule 7004(4). In addition, the grounds for revocation as alleged by Dr. Garmong are set forth in § 727(d)(1) which provides that a discharge can be revoked if "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud *until after the granting of such discharge.*" The plain language of the statute requires that the fraud must be discovered *after* discharge. *See Bowman v. Belt Valley Bank (In re Bowman)*, 173 B.R. 922, 925 (9th Cir. BAP 1994). The record shows that Dr. Garmong knew of the alleged fraud in 2010. Therefore, the bankruptcy court properly found that he had no legal basis to seek revocation of Debtor's 2018 discharge.

## CONCLUSION

In sum, Dr. Garmong makes no relevant arguments regarding the bankruptcy court's alleged errors and his citations to statutes and analysis have no support in the law. Accordingly, we AFFIRM.